(109 App. Div. 593)

BURROWS v. STANDARD OIL CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. BROKERS—EMPLOYMENT.

    Where a broker, learning that a representative of the government desired to purchase vessels, went to defendant's agent and suggested a sale of defendant's vessel, whereupon the agent stated that he did not know whether defendant wanted to sell the vessel, but directed a clerk to furnish the broker with the particulars of the boat and her movements, he was not employed to make the sale.

    [Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, §§ 38, 118.]

2. SAME—RIGHT TO COMMISSIONS—SALE BY PRINCIPAL.

    Where a shipbroker approached a government agent to sell him defendant's vessel, and was told that the government already had the vessel on its list to be taken in case of need, and afterwards, after insistence by the government and protests by defendant that it could not spare the boat, it finally sold it, the broker was not the procuring cause of the sale.

    [Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, § 74.]

Appeal from Trial Term, New York County.

Action by William M. Burrows against the Standard Oil Company of New York. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and HOUGHTON, JJ.

Everett Masten, for appellant.

Harcourt Bull, for respondent.

HOUGHTON, J. The plaintiff is a shipbroker, and brings this action to recover commissions upon a sale by the defendant of the steam tug Atlas to the United States government during the Spanish War. The judgment must be reversed, not only because the plaintiff failed to establish that he was employed by the defendant to make the sale, but, also, upon the ground that he was not the procuring cause of the sale.

The evidence discloses that plaintiff learned that a representative of the government was looking for vessels of a certain class, and he thereupon went to the agent of defendant and suggested a sale of the tug Atlas, and the agent informed him that he did not know whether the company wanted to sell any of its vessels or not, but directed one of his clerks to give the plaintiff the particulars of the boat and of her movements. This was not an employment of the plaintiff to sell the boat. Besides, subsequently, the representative of the government notified the defendant that for some time prior to the interview of

plaintiff with defendant's agent, the government had had the tug Atlas on its list of boats to be taken, in case of necessity, for use in the war. The defendant protested that it could not spare its boat, but it being insisted that it should, finally fixed the price and sold it. Even if the plaintiff had been employed to make the sale, it was not in fact made through or by him.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.